# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAY SILVA, et al.,

                Plaintiffs,

vs.

GORDON GAMING CORPORATION, et al.,

                Defendants.

Case No. 2:06-cv-00696-JCM-PAL

**ORDER**

(M/Conditionally Certify - #11)
(M/Protective Order - #18)

    Before the court is Plaintiff's Motion to Conditionally Certify Collective Action for Purposes of Discovery and Notice and Request to Send Notice to Putative Collective Action Members (#11). The court has considered the motion, defendant's Opposition (#15), plaintiff's Reply (#16), and the arguments of counsel at a hearing conducted August 29, 2006. Sharon Nelson appeared on behalf of the plaintiff, and Joanna Kishner appeared on behalf of the defendant. Also, before the court is Plaintiff's Emergency Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (#18). The court has considered the motion, Defendant's Opposition (#20), and Plaintiff's Reply (#21).

## BACKGROUND

    The Complaint in this case was filed in state court and removed June 6, 2006 (#1). Plaintiff Ray Silva brought an action on behalf of himself and on behalf of a class of all similarly situated individuals and seeks class/collective action certification, asserting the defendant violated the provisions of the Fair Labor Standards Act ("FLSA") by requiring plaintiff and others to work a minimum of fifteen minutes at a pre-shift briefing without being paid.

**I.**    **Motion to Conditionally Certify (#11)**

    In the current motion, he seeks an order: (1) granting conditional certification of a collective action to proceed with his FLSA claims; (2) giving him permission to send a notice of collective

action/class action and consent to join via mail or local news media; and (3) establishing a hearing to set up scheduling and status report deadlines, including class discovery deadlines.  The motion is supported by Silva's declaration which succinctly states: (1) he was a security officer employed by the defendant from April 2005 to May 2006; (2) while employed he was required to attend mandatory pre-shift security briefings fifteen minutes before the start of his shift; (3) he was not paid for the time spent in pre-shift briefings; and (4) on information and belief other security officers at the defendant property were also required to attend pre-shift briefings and were not paid for that time.  Defendant opposes the motion, asserting Silva's bare-bones declaration does not meet the standard for conditional certification at the notice stage of this litigation.  Defendant argues conditional certification is premature and that the parties should conduct some preliminary discovery concerning whether plaintiff has any "acceptable evidence" there are other similarly situated putative class members, and if so, whether he is an appropriate representative.  Defendant argues the plaintiff has not shown by admissible evidence that there are other employees who are similarly situated who were not compensated for mandatory pre-shift briefings, or that there are putative class members who wish to opt in to this action.  Defendant also contends plaintiff has not shown that it had a policy or plan that violates the FLSA, a necessary showing for conditional certification.  If the court allows conditional certification and notice, defendant requests that the court be involved in the preparation and approval of the notice in accordance with what the Supreme Court dictates in Hoffmann-LaRouche, Inc. v. Sperling, 493 U.S. 165, 172 (1989).

      Plaintiff replies that his burden is negligible to establish the criteria for conditional certification.  Under the approach adopted by at least two district judges in this district at the initial "notice stage," the court usually relies on pleadings and any affidavits submitted applying a fairly lenient standard to determine whether there are putative class members who are similarly situated.  The second stage occurs after the conclusion of discovery when the party opposing a conditional class may file a motion for decertification.  Silva argues that his complaint allegations, coupled with his affidavit, meet the minimal burden required at the notice stage of this proceeding.  Silva disputes the defendant's contention that he must identify other individuals who wish to join this action to obtain conditional certification.  Finally, Silva agrees it would be appropriate for the parties to develop consensus on the form of the notice, and seek prior court approval.

# DISCUSSION

Under the Fair Labor Standards Act, an employee may initiate a class action on behalf of himself and others similarly situated. 29 U.S.C. § 216(b). The requirements for class action certification under Fed. R. Civ. P. 23(a) do not apply to claims arising under the Act. Kinney Shoe Corp. v. Vorhes, 564 F.2d 859, 862 (9th Cir. 1977). The FLSA permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. While a plaintiff may bring an action on behalf of himself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." 29 U.S.C. § 216(b). This is commonly referred to as the "opt-in" provision. The Supreme Court has held that district courts have the discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs. Hoffmann-LaRouche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). The Act does not define the term "collective action." However, the Ninth Circuit has held that a collective action is "an action brought by an employee or employees for and in behalf of himself or themselves and other employees similarly situated." Gray v. Swanney-McDonald, Inc., 436 F.2d 652, 655 (quoting H. R. Rep. No. 326, 80th Cong., 1st Sess. at 14) (internal quotations omitted).

In Bonilla v. Las Vegas Cigar Company, 61 F. Supp. 2d 1129 (D. Nev. 1999), the district judge found that § 216(b) does not require any unnamed plaintiff to opt into a lawsuit in order for the action to be a collective action. Thus, "named plaintiffs can commence a collective action by filing the complaint and their written consents." The Bonilla decision discussed the approach taken by courts outside the Ninth Circuit in determining what constitutes a collective action under § 216(b) which have "certified" or "authorized" an action to proceed as a collective action in much the same way as Fed. R. Civ. P. 23 class actions are required to be certified. The district judge concluded that the Ninth Circuit would not adopt the approach taken by the courts which apply Rule 23 principles to determine whether an action may proceed as collective action under § 216(b) holding "that certification does not serve the same purposes in a § 216(b) action as it does in a Rule 23 action." Id. at 1137. The court found that certification in a § 216(b) action is an effective case management tool. Citing the Supreme Court's decision in Sperling, supra, which held that a district court could, in its discretion, effect notice

1  to unnamed plaintiffs for purposes of case management, the district judge found that certification for
2  purposes of § 216(b) "allows the court to control the notice procedure, the definition of the class, a cut-
3  off date for opting in, and an orderly joinder of parties." Id. (citations omitted). The court concluded
4  "that an action is a collective action under § 216(b) where plaintiffs, on the face of their complaint,
5  purport to sue on behalf of themselves and 'others similarly situated,' as stated in § 216(b) and Gray."
6  Id. at 1139.

7       A number of courts have adopted a "two-step" approach for determining whether potential
8  plaintiffs are "similarly situated" for purposes of class certification under § 216(b). This approach
9  involves notification to potential class members of the representative action followed by a final
10 "similarly situated" determination after discovery is completed. At the first, or "notice stage" the court
11 usually relies on the pleadings and any affidavits submitted, and applies a lenient standard which
12 typically results in "conditional certification" of a representative class. Mooney v. Aramco Services,
13 Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995); Kane v. Gage, 138 F. Supp. 2d 212, 214 (D. Mass. 2001).
14 At the initial notice stage, plaintiff needs only to make substantial allegations that the putative class
15 members were subject to a single decision, policy, or plan that violated the law. Mooney, Id. at 1214
16 n. 8.

17      Although courts have applied a lenient standard and required only minimal evidence for
18 conditional certification for purposes of providing notice to potential class members, the court finds the
19 plaintiff here has not met even that lenient, minimal standard. The plaintiff's complaint alleges "on
20 information and belief" he was required to be present to work at a minimum of fifteen minutes prior to
21 a shift; he was not paid for the additional fifteen minutes at pre-shift briefings (Id., ¶ 13); and that
22 plaintiff and others similarly situated worked in excess of forty hours in a work week (Id., ¶ 14).
23 Similarly, his declaration states "on information and belief" that other security officers at the defendant
24 property were also required to attend pre-shift briefings and were not paid for that time. The court lacks
25 sufficient information, even applying the lenient standard recognized by the courts, to determine
26 whether the defendant had a policy or plan that violated the FLSA or that a similarly situated group of
27 potential plaintiffs exists. Accordingly, the court will deny the motion without prejudice to allow the
28 / / /

1  parties sixty (60) days in which to conduct some preliminary discovery to determine whether
2  conditional certification and notice to potential class members should be ordered.

3  **II.      Motion for Protective Order (#18)**

4       Plaintiff filed an Emergency Motion for Protective Order on September 6, 2006 (#18) while the
5  undersigned was out of the district.  The motion requested a protective order precluding the plaintiff's
6  deposition from going forward as noticed on September 19, 2006.  Counsel for plaintiff asserted that
7  the deposition was unilaterally noticed, and that she had a trial scheduled to begin September 18, 2006
8  and was, therefore, unable to attend.  Counsel also represents that she has a scheduled firm retreat
9  following the September 18, 2006 trial and is not available until mid-October to attend her client's
10 deposition.  She has provided a series of available dates in October, but counsel for defendant declined
11 her request to reschedule, insisting that a motion for protective order be filed.  Defendant opposes the
12 plaintiff's motion for protective order, arguing the plaintiff's deposition should be taken before the
13 court considers the plaintiff's request for conditional certification.  Additionally, counsel for defendant
14 doubts whether plaintiff's asserted scheduling conflicts are genuine reasons for the deposition not going
15 forward earlier than mid-October.  Defendant contends that it will be prejudiced if the court allows
16 conditional certification without allowing it an opportunity to depose the plaintiff and conduct other
17 preliminary discovery.  Counsel requests that the court stay its decision on conditional certification and
18 order that no class discovery should be conducted until after the plaintiff is deposed.

19      The court has denied the plaintiff's initial request for conditional certification, indicating the
20 parties would be allowed sixty (60) days in which to conduct limited preliminary discovery on whether
21 conditional certification should be allowed.  Thus, the court will grant the plaintiff's motion for
22 protective order with respect to the scheduling of the deposition on September 19, 2006, and require
23 counsel for the parties to meet and confer in a good faith effort to reschedule the deposition at a
24 mutually convenient date to counsel and the deponent no later than thirty (30) days from entry of this
25 order.

26 / / /
27 / / /
28 / / /

Having reviewed and considered the matters,

**IT IS ORDERED:**

1. Plaintiff's Motion to Conditionally Certify (#11) is DENIED without prejudice.
2. The parties shall have sixty (60) days from entry of this order in which to conduct limited preliminary discovery to determine whether the plaintiff can establish, applying the lenient standard recognized by the courts, that there are putative class members subjected to a single decision, policy, or plan of the defendant employer asserted to violate the FLSA.
3. Plaintiff's Motion for Protective Order (#18) is GRANTED in part and DENIED in part consistent with the provisions of this order.
4. Counsel for the parties shall meet and confer in a good faith effort to schedule the plaintiff's deposition on a mutually convenient date to counsel and the deponent no later than thirty (30) days from entry of this order.
5. Plaintiff shall have until **December 6, 2006** in which to file a motion to conditionally certify the class, following the completion of limited discovery.

Dated this 25th day of September, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE